UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARAT GOKHBERG,

                        Plaintiff,

                        **MEMORANDUM AND ORDER**
      -against-                       18-cv-06403 (DLI)(VMS)

PNC BANK, NATIONAL ASSOCIATION,

                        Defendant.
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On May 15, 2018, Plaintiff Marat Gokhberg ("Plaintiff") filed this action in New York State Supreme Court, Kings County, alleging causes of action for retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), as well as breach of contract and unjust enrichment. *See, generally*, Notice of Removal, Docket ("Dkt.") Entry No. 1. On November 9, 2018, PNC Bank, N.A. ("Defendant") timely and properly removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* On February 8, 2019, Plaintiff filed an Amended Complaint. *See*, Am. Compl., Dkt. Entry No. 14. Subsequently, the parties stipulated to, and the Court ordered, dismissal of the breach of contract and unjust enrichment claims. *See*, Dkt. Entry Nos. 17-18.

On March 25, 2019, Defendant moved to dismiss the remaining causes of action for retaliation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See*, Notice of Mot. to Dismiss, Dkt. Entry No. 19; Def.'s Mem. of Law in Supp. of its Mot. to Dismiss ("Def. Mem."), Dkt. Entry No. 19-1. Plaintiff opposed Defendant's motion and cross-moved for leave to file a Second Amended Complaint. *See*, Notice of Cross-Mot. to Amend the Compl., Dkt. Entry No. 20; Pl.'s Mem. of Law in Supp. of Pl.'s Cross-Mot. to Amend and in Opp'n to Def.'s Mot. for

1

Summ. J. [*sic*] ("Pl. Mem."), Dkt. Entry No. 20-1; Second Amended Verified Complaint ("SAVC"), Dkt. Entry No. 20-3.  Defendant opposed the cross-motion and filed a reply in further support of its motion to dismiss.  *See*, Def.'s Mem. of Law in Further Support of its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. to Amend ("Def. Reply"), Dkt. Entry No. 23.  Plaintiff also filed a reply in further support of his cross-motion to amend.  *See*, Pl.'s Mem. of Law in Further Support of Pl.'s Cross-Mot. to Amend ("Pl. Reply"), Dkt. Entry No. 26.  For the reasons set forth below, Defendant's motion to dismiss is granted only to the extent that Counts III and IV are dismissed and Plaintiff is granted leave to amend only with respect to Counts I and II, the retaliation claims relating to him.

## BACKGROUND

The following facts are taken from the Amended Complaint and are accepted as true for purposes of this decision.  *See*, *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

## I. The Parties' Submissions of Materials Extrinsic to the Pleadings

In support of its motion to dismiss, Defendant submits copies of two loan applications at issue in this case, and in opposition, Plaintiff submits an exhibit with a series of messages between unidentified individuals regarding Plaintiff's termination.  *See*, Dkt. Entry Nos. 19-2, 19-3, and 20-4.  Where a party seeks to introduce material extrinsic to the pleadings on a motion to dismiss, the court "must either exclude the additional material and decide the motion on the pleadings alone or convert the motion to one for summary judgment and afford all parties the opportunity to present supporting material." *United States Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp.2d 432, 442 (S.D.N.Y. 2004) (internal quotation marks and citations omitted); *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) (citation omitted).

Defendant contends that the Court can consider the loan applications without converting its motion to one for summary judgment because they are integral to the Amended Complaint, since Plaintiff had notice of these applications and is likely in possession thereof. *See*, Def. Mem. at 5, n.5. A document is not considered integral to a complaint, such that a court may consider it without converting a motion to dismiss to one for summary judgment, simply because the plaintiff had notice or possession of the document. *See*, *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006). Rather, for a document to be considered integral to the complaint, the plaintiff must have relied "on the terms and effect of the document in drafting the complaint." *Id.* (internal quotation marks, alteration, and citation omitted). While Plaintiff mentions the existence of these loan applications, he does not otherwise rely on them. *See, generally*, Am. Compl. Accordingly, the Court does not consider the loan applications integral to the Amended Complaint. Notably, neither party indicates that they seek to convert Defendant's motion to dismiss to a motion for summary judgment. For all these reasons the Court will not consider the extrinsic documents submitted by the parties. *See*, *United States Fire Ins. Co.*, 303 F. Supp.2d at 442 (declining to convert motion to dismiss to motion for summary judgment and, accordingly, not considering material extrinsic to the pleadings).

**II.     Relevant Facts**

On or about February 22, 2011, Plaintiff began working for Defendant as a mortgage loan officer. Am. Compl. at ¶ 5. As a mortgage loan officer, Plaintiff was responsible for overseeing mortgage loan applications. *Id.* at ¶ 6. During Plaintiff's employment, his brother, Yury Gokhberg ("Yury"), also worked for Defendant as a mortgage loan officer. *Id.* at ¶ 7.

In early 2015, Yury submitted to Defendant two separate mortgage loan applications from two applicants who sought loans to purchase two separate properties. *Id.* at ¶¶ 8-12. The applicants

were married to each other. *Id.* at ¶ 9. On or about March 19, 2015, Defendant issued separate mortgage loan commitment letters to each applicant, which provided terms for primary residence property loans. *Id.* at ¶¶ 13-14.

Shortly thereafter, Defendant requested information about the applicants' marital status. *Id.* at ¶ 15. Yury informed Defendant that the applicants were married to one another. *Id.* at ¶ 16. After Defendant learned that the applicants were married to each other, it withdrew its loan commitment for one of the loans and made a counteroffer, reclassifying the loan as one for an investment property, instead of a primary residence property. *Id.* at ¶¶ 17-18. The reclassification resulted in increased interest rates and contained other loan terms that were more onerous than those on the original loan. *Id.* at ¶ 18. Defendant informed Yury about the loan's reclassification. *Id.* at ¶ 19.

Plaintiff does not allege that Defendant informed him about the loan's reclassification, nor does he allege how he learned of the reclassification. However, in April 2015, Plaintiff purportedly complained to Defendant and his direct supervisor that the reclassification of the loan based on the applicants' marital status constituted a discriminatory lending practice and requested that Defendant reconsider the reclassification. *Id.* at ¶¶ 20-21. The following month, Defendant terminated Yury[1] and, in July 2015, Defendant terminated Plaintiff. *Id.* at ¶¶ 24-26.

Plaintiff asserts claims under the NYSHRL and NYCHRL contending that Defendant terminated him in retaliation for engaging in protected activity, *i.e.,* for complaining about Defendant's discriminatory lending practices. *Id.* at ¶¶ 26, 32-45. Plaintiff does not allege that Yury complained about Defendant's lending practices. Nonetheless, Plaintiff also asserts claims

---

[1] Yury filed a separate suit against Defendant also alleging retaliation under the NYSHRL and NYCHRL. *See*, *Gokhberg v. PNC Bank, National Association*, Docket No. 17-cv-00276 (DLI)(VMS). Defendant's motion for summary judgment in that case currently is *sub judice* and will be decided shortly.

under the NYSHRL and NYCHRL based on Defendant's purported retaliation against Plaintiff for Yury's engagement in protected activity. *Id.* at ¶¶ 46-59.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### II. Amendment Pursuant to Federal Rule of Civil Procedure 15(a)

Pursuant to Rule 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *See also*, *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012). A Rule 15 motion should be denied where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" *Amaya*, 285 F.R.D. at 253.

Futility is a determination that, as a matter of law, a proposed amendment would fail to cure prior deficiencies in the operative pleading or to state a claim under Rule 12(b)(6). *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). A court must analyze a futility argument under Rule 15(a) in the same way it would address a Rule 12(b)(6) motion to dismiss. *Majad ex rel. Nokia Ret. Sav. and Inv. Plan v. Nokia, Inc.*, 528 F. App'x 52, 54 (2d Cir. 2013) (summary order). Rule 15(a) does not serve as "a shield against dismissal to be invoked as either a makeweight or a fallback position in response to a dispositive motion." *Gutkowski v. Steinbrenner*, 680 F. Supp.2d 602, 616 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff asserts claims under the NYSHRL and NYCHRL based on Defendant's purported retaliation against Plaintiff for: (1) Plaintiff's engagement in protected activity (Counts I and II); and (2) Yury's engagement in protected activity (Counts III and IV). *See*, Am. Compl. at ¶¶ 32-59.

Both the NYSHRL and the NYCHRL prohibit discriminatory lending practices based on marital status. *See*, N.Y. Exec. Law § 296-a(a) (2020) (making it an "unlawful discriminatory practice" for a creditor to discriminate against an applicant for credit with respect to the purchase of a house based on the applicant's marital status); N.Y.C. Admin. Code § 8-107(5)(d) ("It shall be an unlawful discriminatory practice for any . . . bank . . . to whom application is made for a loan, mortgage or other form of financial assistance for the purchase . . . of any housing accommodation . . . [t]o discriminate against such applicant . . . [b]ecause of the [applicant's] . . .

6

marital status[.]"). Both statutes further prohibit employers from taking an adverse employment action in response to complaints by employees of suspected discriminatory practices in violation of the statutes. *See*, N.Y. Exec. Law § 296(7) (2020) (making it an unlawful discriminatory practice for an employer to retaliate against an employee who has opposed any discriminatory practices); N.Y.C. Admin. Code § 8-107(7) (same).

To state a retaliation claim under the NYSHRL, a plaintiff must allege that: (1) he engaged in protected activity; (2) defendant was aware of the protected activity; (3) defendant took an adverse employment action against him; and (4) there is a causal connection between the protected activity and the adverse employment action. *Wermann v. Excel Dentistry, P.C.*, 2014 WL 846723, at *3 (S.D.N.Y. Feb. 25, 2014) (quoting *Giudice v. Red Robin Int'l, Inc.*, 555 F. App'x 67, 68 (2d Cir. 2014)). Similarly, "to prevail on a retaliation claim under the NYCHRL, the plaintiff must show that []he took an action opposing h[is] employer's discrimination . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action[.]" *Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks and citations omitted). However, district courts "must analyze NYCHRL claims separately and independently from any federal and state law claims" and "constru[e] the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible[.]" *Id.* at 109 (internal quotation marks and citations omitted).

I. **Counts I and II – Retaliation Claims Concerning Plaintiff**

Defendant contends that Counts I and II must be dismissed because Plaintiff fails to allege that he engaged in a protected activity. *See*, Def. Mem. at 3-6; Def. Reply at 1-4. "The term protected activity refers to action taken to protest or oppose statutorily prohibited discrimination."

7

*Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 236 (2d Cir. 2012) (internal quotation marks and citations omitted). When an employee communicates to his employer that he believes the employer to be engaged in a discriminatory practice, "that communication *virtually always* constitutes the employee's opposition to the activity." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 317 (2d Cir. 2015) (internal quotation marks and citation omitted) (emphasis in original). For a complaint to qualify as protected activity, the plaintiff must have a "good faith, reasonable belief" that he is opposing an unlawful practice. *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citation omitted).

Plaintiff alleges that he complained to Defendant and to his direct supervisor, Anthony Canonico, that Defendant's reclassification of the loan constituted a discriminatory lending practice. *See*, Am. Compl. at ¶¶ 20-21. According to Defendant, however, Plaintiff's complaint was not reasonable. *See*, Def. Mem. at 3-6; Def. Reply at 1-4. Defendant explains that under New York law, marital status discrimination is limited to discrimination against those who are married or unmarried and does not apply to discrimination based on being married to a particular person. *See*, Def. Mem. at 4. Thus, Defendant contends, it was unreasonable for Plaintiff to believe that Defendant was discriminating based on marital status by providing less favorable loan terms to the applicants upon learning that they were married to each other. *See*, *Id.* at 4-6; Def. Reply at 4.

Defendant's argument that Plaintiff must understand the nuances of New York discrimination law is without merit. Construing Plaintiff's allegations regarding his complaints about Defendant's lending practices in the light most favorable to Plaintiff, as is required at this stage, the Court finds that Plaintiff adequately has pled that he engaged in protected activity. *See, e.g.*, *Farmer v. Shake Shack Enters., LLC*, 2020 WL 4194860, at *12 (S.D.N.Y. July 21, 2020) (plaintiff's allegation that she had made an informal complaint regarding discrimination, construed

in the light most favorable to plaintiff, was sufficient to plead plaintiff's engagement in protected activity).

Defendant does not challenge the sufficiency of Plaintiff's allegations as to the remaining elements of a retaliation claim, nor would such a challenge be successful. Plaintiff alleges that he complained about Defendant's purportedly discriminatory practice to Defendant and to his supervisor, thereby adequately pleading Defendant's knowledge of his protected activity. *See, e.g.*, *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013) (noting that plaintiff may rely on "general corporate knowledge" to establish defendant's knowledge of protected activity). Plaintiff further alleges that just three months later, he was terminated, which constitutes an adverse employment action. *See*, *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (noting that an employer's action toward an employee constitutes an adverse employment action where it is "materially adverse with respect to the terms and conditions of employment") (internal quotation marks and citation omitted).

However, Defendant further contends that Plaintiff fails to allege how or why he came to learn about the loan reclassification, why he complained about the reclassification, "or any other information that factually would bridge [Defendant's] discussion with Yury, on the one hand, and Plaintiff's purported complaint, on the other." *See*, Def. Mem. at 3. According to Defendant, "[f]or this reason alone, the Amended Complaint does not assert a claim that is plausible on its face." *Id.* (internal quotation marks and citation omitted). Defendant fails to explain why this factual allegation is critical to Plaintiff's retaliation claims.

Nonetheless, the point is moot because Plaintiff's proposed Second Amended Complaint alleges that Yury told Plaintiff about the circumstances of the loan reclassification, and the Court finds that amendment is justified. *See*, SAVC at ¶ 20.

9

As set forth above, Plaintiff adequately pleads retaliation based on his purported complaints regarding Defendant's practices, even without allegations regarding how he learned of the loan reclassification. Thus, the proposed amendment, which clarifies how Plaintiff learned of the reclassification, would not be futile. Additionally, the parties have not exchanged discovery yet, and, in fact, have agreed on a joint discovery plan to commence upon the resolution of the pending motions, which has been approved by the magistrate judge. *See*, Dkt. Entry No. 33; Order dated September 5, 2019. Thus, Defendant would incur little to no prejudice due to the amendment. *See*, *Moroughan v. Cnty. of Suffolk*, 99 F. Supp.3d 317, 325 (E.D.N.Y. 2015) (finding no prejudice and granting motion to amend where parties had not filed motions for summary judgment and substantial discovery remained and, as such, case was "distant from its resolution"). Notably, there is no evidence that Plaintiff is acting in bad faith by seeking to amend.

Lastly, the Court recognizes that, while there is some delay inherent in permitting Plaintiff to amend, mere delay is not a sufficient basis to deny amendment. *See*, *Dennis v. Town of Babylon Hous. Assistance Agency*, 2008 WL 11420049, at *4 (E.D.N.Y. Dec. 22, 2008) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

For the foregoing reasons, Plaintiff is granted leave to amend as to Counts I and II regarding Defendant's purported retaliation against him based on his protected activity. Accordingly, Defendant's motion to dismiss Counts I and II is denied as moot.

## II.     Counts III and IV – Retaliation Claims Concerning Yury

Plaintiff's claims regarding Defendant's purported retaliation against him based on Yury's engagement in protected activity fail as a matter of law because Plaintiff does not allege that Yury engaged in protected activity. There are no allegations in the Amended Complaint that Yury complained to Defendant about its lending practices. Plaintiff contends that his failure to allege

Yury's complaint is not fatal because Yury has a separate lawsuit pending, wherein he claims to have complained to Defendant.  *See*, Pl. Mem. at 8; Pl. Reply at 3.  Nevertheless, Plaintiff is not excused from adequately pleading facts to support his claims in the instant action based on Yury's lawsuit.

Moreover, Plaintiff similarly fails to allege that Yury complained to Defendant about its purported discriminatory lending practices in the proposed Second Amended Complaint.[2]  Plaintiff further fails to allege that Yury had a good faith, reasonable belief that Defendant's lending practices were discriminatory.  Thus, even if Yury had complained, there are no facts to support a plausible inference that Yury engaged in a protected activity.  Therefore, the proposed Second Amended Complaint does not cure the factual deficiencies in the Amended Complaint and amendment would be futile.  Accordingly, Defendant's motion to dismiss Counts III and IV of the Amended Complaint is granted, and Plaintiff's cross-motion to amend with respect to Counts III and IV is denied.

[remainder of page intentionally left blank]

---

[2] Notably, Plaintiff claims in an affidavit submitted in support of his cross-motion to amend that Yury complained to Defendant in April 2015.  The Court has declined to consider this extrinsic document in deciding the instant motion and Plaintiff's failure to make the allegation in the proposed Second Amended Complaint is both inexplicable and unjustifiable.

11

## CONCLUSION

For the reasons set forth above, Plaintiff's cross-motion to amend the Amended Complaint is granted only with respect to Counts I and II and is denied as to Counts III and IV. Defendant's motion to dismiss Counts III and IV is granted and is denied as moot as to Counts I and II. Plaintiff must file the Second Amended Complaint by no later than January 8, 2021, with the following revisions: (1) Plaintiff must remove all references to his claims for breach of contract and unjust enrichment made in ¶ 1 of the Second Amended Complaint, as those claims have been dismissed; and (2) Plaintiff shall remove Counts III and IV. Plaintiff otherwise shall not make any additional revisions to the Second Amended Complaint that was filed as Docket Entry No. 20-3. Defendant shall answer or otherwise respond to the Second Amended Complaint by no later than January 29, 2021. The matter is referred to the magistrate judge for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
        December 10, 2020

                                                            /s/
                                                    DORA L. IRIZARRY
                                                 United States District Judge